All the Justices concurring.

---

**THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. EDWARD CLARK.**

CASE, *Followed.* The case of *St. L. & S. F. Rly. Co. v. Clark*, just decided, followed.

*Motion for Rehearing.*

THE facts sufficiently appear in *St. L. & S. F. Rly. Co. v. Clark*, just decided, and in the opinion herein, filed March 5, 1892.

*Sankey, Campbell & Amidon*, for the motion.

*Geo. R. Peck, A. A. Hurd*, and *Robert Dunlap*, contra.

*Per Curiam:* We have reëxamined the questions presented, on the motion for a rehearing, and find no occasion to change the conclusion reached on the original hearing. There was sufficient testimony to warrant the court in submitting to the jury whether an oral contract was made between the parties, under which the shipment was made, or whether the written paper, signed after the stock was shipped, embodied all the negotiations and understandings of the parties and is alone controlling. The testimony of the defendant in error tends to show that there was no agreement limiting the liability of the company when the stock was accepted by the company for shipment, and that the bill of lading or contract was not signed until the stock had passed from the control of the shipper. If the oral agreement was complete and the stock had been accepted by the company unconditionally, it is difficult to find a consideration for any subsequent agreement. As a general rule, the conditions of a bill of lading limiting the liability of the carrier must be agreed to by the shipper when the stock or goods are accepted by the carrier. If, however, there was no oral agreement concluded between the parties, and it was understood that the terms and conditions were to be settled when the parties returned to the station, after the stock had been accepted, the agreement then made would be binding upon both parties. Then, again, if there was an habitual course of dealing between the parties, to sign a receipt or contract embodying the agreement between themselves after the shipment was made, and that course was pursued in this instance, the condition of such a contract would govern. ( Hutch. Carr., § 246.)

In view of some testimony in the case, this rule might well have been given to the jury, but if in the new trial of the case there is testimony of like effect, an instruction of this character may be given at that time.

The rehearing will be denied.